# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:17CV312

| | | |
|---|---|---|
| STEPHEN DOUGLAS WHITE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

This matter is before the Court on the parties' cross motions for summary judgment (# 9, 11). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying his claim for disability benefits. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, Plaintiff's motion for summary judgment is DENIED and the Commissioner's motion for summary judgment is GRANTED.

## I. Procedural History

On September 3, 2014, Plaintiff filed a Title II application for a period of disability and disability insurance benefits. (Transcript of Administrative Record ("T.") 20.) Plaintiff alleged a disability onset date of July 19, 2014. (T. 20.) The Social Security Administration denied the claim initially on March 9, 2015. (T. 20.) The claim was denied upon reconsideration on September 13, 2015. (T. 20.) On October 10, 2015, Plaintiff filed a written request for a hearing. (T. 20.)

On August 31, 2016, a hearing was held in Asheville, North Carolina. (T. 20.) Plaintiff appeared and testified at the hearing. (T. 20.) Attorney William Coleman represented Plaintiff at

the hearing. (T. 20.) Charlie A. Edwards, a vocational expert ("VE"), also appeared at the hearing. (T. 20.)

On September 26, 2016, the ALJ issued a decision finding that Plaintiff had not been under a disability from July 19, 2014, through the date of his decision. (T. 20-28.) Plaintiff requested review of the ALJ's decision. (T. 6.) The Appeals Council denied Plaintiff's request for review. (T. 6-8.) On November 14, 2017, Plaintiff filed the instant action seeking review of the Commissioner's final decision. See Compl. (# 1).

## II.      Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); accord Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001).  The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).  Under the five-step sequential evaluation, the Commissioner must consider each of the following, in order: (1) whether  the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or equal the severity of one or more of the listing of impairments contained in Appendix 1 of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC").  20 C.F.R. § 404.1520; Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 653 n.1.

At the first two steps of the sequential evaluation, the burden is on the claimant to make

the requisite showing.  Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016).  If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled, and the process comes to an end.  Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015).   The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability.  Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's RFC.  Mascio, 780 F.3d at 635.  After determining the claimant's RFC, the ALJ proceeds to step four to determine whether the claimant can perform his or her past relevant work.  Id.  The burden is on the claimant to demonstrate that he or she is unable to perform past work.  Monroe, 826 F.3d at 180.  If the ALJ determines that a claimant is not capable of performing past work, then the ALJ proceeds to step five.  Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work.  Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant can perform other work that exists in significant numbers in the national economy, considering the claimant's RFC, age, education, and work experience.  Id.; Monroe, 826 F.3d at 180.  Typically, the Commissioner satisfies her burden at step five using the testimony of a VE, who offers testimony in response to a hypothetical question from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that the claimant is not disabled and deny the application for disability benefits.  Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

III.    The ALJ's Decision

In his September 28, 2016 decision, the ALJ ultimately found that Plaintiff was not

disabled under Sections 216(i) and 233(d) of the Social Security Act. (T. 28.) In support of this

conclusion, the ALJ made the following specific findings:

(1)     The claimant meets the insured status requirements of the Social Security
        Act through December 31, 2016.

(2)     The claimant has not engaged in substantial gainful activity since July 19,
        2014, the alleged onset date (20 C.F.R. § 404.1571 et seq.).

(3)     The claimant has the following severe impairments: degenerative disc
        disease, diabetes mellitus, and aortic aneurysm status post repair (20 C.F.R.
        § 404.1520(c)).[1]

(4)     The claimant does not have an impairment or combination of impairments
        that meets or medically equals the severity of one of the listed impairments
        in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d),
        404.1525, 404.1526).[2]

(5)     The claimant has the RFC to perform light work as defined in 20 C.F.R.
        § 404.1567(b) with frequent postural activities, but no more than occasional
        climbing ladders, ropes, or scaffolds. The claimant can perform work that
        involves no concentrated exposure to hazards.[3][4]

(6)     The claimant can perform his past relevant work as a cashier, grill cook, and
        call center sales person. This work does not require the performance of
        work-related activities precluded by the claimant's RFC (20 C.F.R.
        § 404.1565).

(7)     The claimant has not been under a disability, as defined in the Social
        Security Act, from July 19, 2014, through September 28, 2016 (20 C.F.R.
        § 404.1520(f)).

---

[1] The ALJ specifically found that Plaintiff does not have a severe impairment related to diverticulitis or diverticulosis.
(T. 25.)

[2] The ALJ concluded that there were insufficient findings to confirm the presence of an impairment or combination of
impairments that meets or equals the criteria of a listed impairment. (T. 22.)

[3] The regulations define light work as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of
> objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this
> category when it requires a good deal of walking or standing, or when it involves sitting most of the
> time with some pushing and pulling of arm or leg controls. If someone can do light work, we
> determine that he or she can also do sedentary work, unless there are additional limiting factors such
> as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

[4] In making his RFC finding, the ALJ noted that "no treating physician has placed permanent restrictions on the
claimant at any time during the period at issue." (T. 25.)

(T. 20-28.)

## IV.     Standard of Review

Title 42, United States Code, Section 405(g) provides that an individual may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006).   The scope of judicial review is limited in that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); accord Monroe, 826 F.3d at 186.  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted).  It is more than a scintilla but less than a preponderance of evidence.  Id.

When a federal district court reviews the Commissioner's final decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id.  Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he was not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law.  Id.

## V.     Discussion

### A.     The ALJ properly found that Plaintiff retained the RFC to perform a reduced range of light work.

Plaintiff initially argues that the ALJ erred by finding that he could perform a reduced range of light work.  Pl.'s Mem. Supp. (# 10) at 5-9.  Plaintiff specifically contends that the ALJ's RFC finding is not supported by substantial evidence.  Id. at 9.  Plaintiff concludes that remand is

necessary to fully develop the record.  Id.

RFC is defined as "the most [a claimant] can do despite [his or her] limitations."  20 C.F.R. § 404.1545(a)(1).  Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996), provides that the ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)."  Monroe, 826 F.3d at 189 (quoting Mascio, 780 F.3d at 636).  When formulating a RFC, the ALJ is not required to discuss every piece of evidence.  See Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014).  The ALJ is, however, required to build a logical bridge from the evidence of record to his conclusion.  Monroe, 826 F.3d at 189; see also Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000).  With respect to the function-by-function analysis, "[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his other work-related abilities on a function-by-function basis[.]" SSR 96-8p, 1996 WL 374184, at *1. Id.

The ALJ's decision, as it relates to Plaintiff's RFC, provides as follows:  Plaintiff alleged disability beginning July 19, 2014, due to herniated discs, diabetes mellitus, aortic aneurysm, and diverticulitis.  (T. 23.)  At his hearing, Plaintiff reported that he had herniated discs in his back, but he took medications that helped to a point.  (T. 23.)  Plaintiff represented that he could only sit for 30 minutes at one time.  (T. 23.)  Plaintiff also represented that he used a cane, which was given to him in July 2014 by the Veteran's Affairs Medical Center ("VA").  (T. 23.)  Plaintiff also reported that he had diabetes mellitus.  (T. 23.)

Next, the ALJ engaged in a symptom evaluation, which will be addressed more completely below under the second assignment of error.  Under the first step of the evaluation, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause his

alleged symptoms. (T. 23.) Pursuant to the second step, the ALJ found that Plaintiff's statements regarding intensity, persistence, and limiting effects of the symptoms were "not entirely consistent" with the evidence in the record. (T. 23.)

With respect to Plaintiff's alleged back pain, the ALJ noted that the record suggested that Plaintiff has a history of lumbar spondylosis with a spine surgery in 1991. (T. 23.) Plaintiff has gotten treatment with medications from the VA since July 2014. (T. 23.) The VA records demonstrate that Plaintiff's back pain has been maintained on medications during the period at issue. (T. 23.) In August 2014, Dr. Emily Chin with Orthopedic Spine Surgery saw Plaintiff and concluded that no surgery was indicated at the time. (T. 24.) Dr. Chin recommended that Plaintiff return to his primary care physician for a physical therapy program. (T. 24.) Dr. Thomas Hickey saw Plaintiff in September 2014 and July 2015. (T. 24.) At both times, Dr. Hickey found that Plaintiff's back pain was stable. (T. 24.) Plaintiff was prescribed and has been followed on medications.[5] (T. 24.)

As for Plaintiff's diabetes mellitus, Plaintiff has been followed by the physicians at the VA since July 2014. (T. 24.) Plaintiff has been treated with oral medications and insulin, which have been switched and adjusted on occasion. (T. 24.) The VA records do not demonstrate evidence of any end organ damage or complications associated with Plaintiff's diabetes. (T. 24.)

In July 2014, Plaintiff was hospitalized and found to suffer with an abdominal aortic aneurysm without rupture. (T. 24.) In August 2014, Dr. Jeffrey Nienaber, a vascular surgeon, saw Plaintiff. (T. 24.) Dr. Nienaber concluded that Plaintiff's aneurysm was stable and recommended surveillance until it was 5.5 cm and then would consider repair. (T. 24.) The aneurysm enlarged,

---

[5] See Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir 1986) ("If a symptom can be reasonably controlled by medication or treatment, it is not disabling."); see also 20 C.F.R. § 404.1530(a) ("In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work.")

and on January 25, 2016, Plaintiff underwent a surgical repair with stent graft. (T. 24-25.) In February 2016, Plaintiff was asymptomatic. (T. 25.) Plaintiff was advised to continue daily aspirin and increase activities as tolerated. (T. 25.)

In October 2014, Plaintiff had a colonoscopy, which showed diverticulitis in the sigmoid colon and two polyps. (T. 24.) The polyps were removed, biopsied, and demonstrated no significant findings. (T. 24.) In August 2015, Plaintiff was seen at VA with complaints of abdominal pain. (T. 24.) Plaintiff's abdominal pain resolved with probiotics and an increase in dietary fiber. (T. 24.) The ALJ noted that Plaintiff alleged disability, in part, due to diverticulitis. (T. 25.) The record reflects that Plaintiff's diverticulitis is stable and has not resulted in any ongoing work-related limitations. (T. 25.)

The ALJ next noted that Plaintiff saw Dr. Jack Flippo for a consultative examination on January 27, 2015. (T. 25.) The ALJ outlined Dr. Flippo's specific findings and noted that Dr. Flippo was contradictory in his report.[6] (T. 25.)

The ALJ noted that Plaintiff has chronic back pain, but the record demonstrates that he has been maintained on medications during the relevant time. (T. 26.) The ALJ further found that Plaintiff has diabetes mellitus, but his treatment records show that he has been maintained on oral medications and insulin. (T. 26.) Moreover, the record reveals no complications with his diabetes. (T. 26.) Plaintiff has an abdominal aortic aneurysm, but it has been repaired and is currently stable. (T. 26.) Plaintiff reported that he uses a cane, but the medical necessity of the cane is not supported by the record. (T. 26.) The ALJ found that no treating physician has placed any permanent restrictions on Plaintiff at any time during the period at issue. (T. 26.) Plaintiff describes a rather

---

[6] The ALJ gave Dr. Flippo's opinion "little weight" because Dr. Flippo's opinion was not supported by his own narrative, which is contradictory, or the other medical evidence of record, which indicates that Plaintiff's conditions have been stable and/or maintained on medications. (T. 26.)

limited lifestyle, but this is self-imposed because no treating physician has so limited Plaintiff. (T.

26.)

Plaintiff has not pointed to any record evidence from a treating source that contradicts or

undermines the ALJ's findings. In sum, Plaintiff has failed to show legal error by the ALJ or that

his RFC finding is not supported by substantial evidence. See Craig, 76 F.3d at 589 (recognizing

that the District Court "must uphold the factual findings of the Secretary if they are supported by

substantial evidence and were reached through application of the correct legal standard.").

**B.     The ALJ's symptom evaluation is supported by substantial evidence and reached through application of the appropriate legal standard.**

In his second and final argument, Plaintiff argues that the ALJ erred in his symptom

evaluation. Pl.'s Mem. Supp. (# 10) at 9-11. Plaintiff specifically contends that the ALJ's

determination is not supported by substantial evidence. Id. at 11. Plaintiff further contends that

the ALJ erred by failing to give his testimony "great weight." Id. Plaintiff argues that the ALJ

failed to consider that he suffered from medication side effects to which he testified. Id. at 10.

Plaintiff further argues that the ALJ failed to consider that he testified he cannot lift more than ten

pounds. Id. Plaintiff concludes that this case should be remanded for additional findings. Id. at 11.

SSR 16-3p,[7] effective March 16, 2016, addresses the "Evaluation of Symptoms In

Disability Claims." See SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). The Ruling "provides

guidance about how [the Social Security Administration] evaluate[s] statements regarding the

intensity, persistence, and limiting effects of symptoms in disability claims." Id. at *1. The term

"credibility" was eliminated from SSR 96-7p because "subjective symptom evaluation is not an

examination of an individual's character." Id.

---

[7] SSR 96-7p was superseded with SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017), which is applicable to ALJ decisions issued on or after March 28, 2016. As noted, the instant ALJ decision was issued on September 28, 2016.

A two-step process is employed for evaluating a claimant's symptoms.  Id. at *3.  Pursuant to step one, the Social Security Administration will assess whether the claimant has a medically determinable impairment that could reasonably be expected to produce the symptoms alleged.  Id. A claimant will not be found disabled based on alleged symptoms alone.  Id. at *4.

Under the second step, the Social Security Administration will evaluate the intensity and persistence of the claimant's symptoms, such as pain, to determine the extent to which the claimant's symptoms limit his ability to perform work-related activities.  Id.  In addition to looking at all the evidence to evaluate the intensity, persistence, and limiting effects of a claimant's symptoms, the Social Security Administration will also look to the following:

(1)  Daily activities;

(2)  The location, duration, frequency, and intensity of pain or other symptoms;

(3) Precipitating and aggravating factors;

(4) The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;

(5) Treatment, other than medication, received for relief of pain or other symptoms;

(6) Any other measures used to relieve pain or other symptoms (e.g., lying flat on your back,   standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

(7) Other factors concerning functional limitations and restrictions due to pain or other symptoms.

Id. at *7; 20 C.F.R. § 404.1529(c)(3).

In the instant case, the ALJ found as follows in his evaluation of Plaintiff's symptoms:

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely

consistent with the medical evidence and other evidence in the record for the reasons explained in the decision.

(T. 23.)

The ALJ's decision is extremely thorough and well supported. <u>See</u> (T. 20-28). First, the ALJ summarized Plaintiff's allegations. (T. 23.) Then, the ALJ thoroughly discussed the objective medical evidence (T. 23-26) and the opinion evidence (T. 26-27) from the record. The ALJ fully and fairly explained his conclusion that the evidence did not support the degree of limitation Plaintiff had alleged.

Plaintiff essentially argues, in two specific instances, that the ALJ failed to give proper weight to his testimony before the ALJ. Pl.'s Mem. Supp. (# 10) at 10-11. As noted above, the ALJ found that Plaintiff had medically determinable impairments that could cause the alleged symptoms, but his statements concerning these impairments were "not entirely credible." (T. 23.) Thus, the ALJ was not required to address every allegation Plaintiff made during his hearing.

In sum, the Court finds that the ALJ's symptom evaluation is supported by substantial evidence and reached through application of the appropriate legal standard. Therefore, the Commissioner's decision must be affirmed. <u>See</u> <u>Hall v. Berryhill</u>, No. 3:17-CV-00285-MOC, 2018 WL 1463702, at *1 (W.D.N.C. Mar. 23, 2018) ("[T]he only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence.").

**VI.     Conclusion**

Considering the foregoing, Plaintiff's motion for summary judgment (# 9) is DENIED, and the Commissioner's motion for summary judgment (# 11) is GRANTED. The clerk is respectfully requested to close the case.

Signed: August 7, 2018

Dennis L. Howell
United States Magistrate Judge